# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BENNIE DAVID GUY                                                 PETITIONER

v.                  NO. 5:13CV00159 KGB/HDY

RAY HOBBS, Director of the                                 RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## RECOMMENDATION

Petitioner Bennie David Guy ("Guy") commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he challenged his 1996 sexual assault conviction in Gregg County, Texas, and did so primarily for one reason, i.e., "someone else has confessed to the crime." See Document 2 at 5. He requested the following relief: "[r]emove the detainer in his prison file on the [Arkansas Department of Correction] website and dismiss [the Gregg County, Texas, conviction]." See 5:13CV00159, Document 2 at 24.

Respondent Ray Hobbs ("Hobbs") responded to the petition by asking that it be dismissed. He did so for the following reasons:

> At the time [Guy] filed his pending petition for writ of habeas corpus on May 19, 2013, the petitioner … was a prisoner of the Arkansas Department of Correction, serving a forty-year sentence for rape. … In his pending application, … Guy apparently seeks dismissal of the detainer placed upon him by officials in Texas as a result of a 1996 sexual-assault conviction in Gregg County, Texas. According to … Guy, the detainer is invalid because he is actually innocent of the sexual assault. Because … Guy has been paroled from the Arkansas Department of Correction and is currently in the physical custody of officials in Texas, and his challenge to the validity of [the] detainer is therefore moot, the respondent respectfully request that [the] petition for a writ of habeas corpus be dismissed. [Footnote omitted].
>
> … The Arkansas Department of Correction paroled … Guy on June 11, 2013, … and on information and belief, he was transferred to the Texas prison system on June 28, 2013, where he remains. … Thus, … Guy's apparent request for an order preventing his transfer to Texas is now moot, and he should pursue his challenge to the sexual-assault conviction in Texas. The petition, therefore, should be dismissed.

> Alternatively, … Hobbs does not take any position regarding the validity of the Texas conviction, inasmuch as … Guy's pending habeas corpus petition seeks to have it set aside. [Footnote omitted]. While … Hobbs was properly named as a respondent because … Guy was in the custody of the Arkansas Department of Correction at the time he filed the petition, … Guy seeks habeas corpus relief from the actions of the State of Texas. Accordingly, to the extent … Guy asks this Court to set aside his sexual-assault conviction, he must name his Texas custodian as a party and he or she must be served. … As Director of the Arkansas Department of Correction, respondent does not take a position with respect to the constitutional validity of the actions of the State of Texas.

See 5:13CV00159, Document 8 at 1-3.

The undersigned notified Guy of Hobbs' response and solicited a reply from Guy. He never filed a reply and, in fact, the envelope containing the notice was returned and marked "paroled." See 5:13CV00159, Document 10.

The undersigned has now thoroughly reviewed the parties' submissions. For the four reasons that follow, the undersigned recommends that Guy's petition be dismissed, all requested relief be denied, a certificate of appealability be denied, and judgment be entered for Hobbs.

First, the case at bar is nothing more than a re-filing of an earlier case, albeit with a different claim. The records maintained by the Clerk of the Court for the Eastern District of Arkansas reflect that Guy previously challenged the Gregg County, Texas, conviction in a case brought pursuant to 28 U.S.C. 2254. See Guy v. Norris, 5:09CV00109 WRW. United States District Judge Billy Roy Wilson characterized Guy's claims in 5:09CV00109 as follows:

>    (1) Texas officials violated Guy's Eighth Amendment rights by using two Arkansas criminal charges to enhance his Texas sentence when neither charge had yet been brought to trial, by transporting him to Arkansas for trial on the Arkansas charges and then 'abandoning' him, by basing his Texas sentence on a now vacated Arkansas conviction, and by never giving him a DNA test to prove his innocence;
>
>    (2) Texas officials threatened him with a ninety-nine year sentence if he did not plead guilty to the Texas offense and told him he would serve only forty months if he pleaded guilty to that offense; and
>
>    (3) his Fourteenth Amendment rights were violated when Texas officials did not try him within the requisite period of time.

The relief Guy requested in 5:09CV00109 mirrored the relief he requested in 5:13CV00159, specifically, he requested the following relief in 5:09CV00109: "[d]ismiss [the Gregg County, Texas, conviction] and release petitioner of that case and charge." See 5:09CV00109, Document 2 at 14. Because Guy challenged a Texas conviction in 5:09CV00109, United States District Judge Billy Roy Wilson transferred the case to the Eastern District of Texas, where it was eventually dismissed.[1]

---

[1]

The records maintained by the Clerk of the Court for the Eastern District of Texas reflect that 5:09CV00109 was eventually dismissed by United States District Judge Michael H. Schneider. See Guy v. Abbott, 6:09cv286. In the final judgment, Judge Schneider provided the following reasons for dismissing Guy's petition: "...the above-styled application for the writ of habeas corpus be and hereby is DISMISSED without prejudice as to Guy's claim that his Texas sentence should be modified or vacated to reflect the setting aside of his St. Francis County, Arkansas, conviction, and DISMISSED with prejudice as barred by the statute of limitations as to all other claims in the petition." See 6:09cv286, Document 48 at 1.

Second, the detainer can no longer be removed. Hobbs represents, and the undersigned as accepts as true, that Guy has been released from Hobbs' custody and is presently in the custody of Texas officials.

Third, the federal courts of Arkansas cannot dismiss the Gregg County, Texas, conviction. It is for the courts of Texas, either state or federal, to dismiss the conviction or otherwise relieve Guy of the consequences of the conviction.

Last, comity and federalism dictates that the courts of Texas address Guy's claim of actual innocence. They have the greater interest in considering his claim.

The only real question involves what to do with Guy's petition. Judge Wilson transferred 5:09CV00109 to the Eastern District of Texas, where it was eventually dismissed. The undersigned has given some thought to recommending likewise but finds that it would be a waste of judicial time and resources to transfer this case. The issue involving the detainer is clearly moot, and Guy's free-standing claim of actual innocence is "not a path to habeas corpus relief." See Crawford v. Norris, 2009 WL 1046129 at 9 (E.D.Ark. 2009) (Holmes, J.).[2] If Guy desires to re-assert his claim of actual innocence, he may do so by filing a petition in the appropriate Texas court.

---

[2]

In that case, United States District Judge J. Leon Holmes found the following:

> The Eighth Circuit Court of Appeals has squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent. [C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding. …

See Crawford v. Norris, 2009 WL 1046129 at 9 [internal citations and quotations omitted].

Accordingly, the undersigned recommends that Guy's petition be dismissed and all requested relief be denied. A certificate of appealability should be denied, and judgment should be entered for Hobbs.

DATED this ___21___ day of August, 2013.

                                                    UNITED STATES MAGISTRATE JUDGE